UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 29, 2013

LETTER TO COUNSEL:

    RE:    *Reed A. Haglock v. Commissioner, Social Security Administration*;
              Civil No. SAG-10-174

Dear Counsel:

      On January 25, 2010, the Plaintiff, Reed A. Haglock, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Haglock's reply. (ECF Nos. 15, 35, 36). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Haglock filed his claim on January 15, 2004, alleging disability beginning on August 31, 1998. (Tr. 100-02). His claim was denied initially on May 12, 2004, and on reconsideration on October 22, 2004. (Tr. 77-79, 82-85). A hearing was held on November 14, 2005 before an Administrative Law Judge ("ALJ"). (Tr. 30-74). Following the hearing, on January 7, 2006, the ALJ determined that Mr. Haglock was not disabled during the relevant time frame. (Tr. 12-23). The Appeals Council denied Mr. Haglock's request for review. (Tr. 7-10). On March 31, 2006, Mr. Haglock filed an action with this Court. Complaint, *Haglock v. Astrue*, Civil No. PWG-06-858 (D. Md. Mar. 31, 2006). On August 15, 2007, United States Magistrate Judge Paul W. Grimm entered an Order vacating the ALJ's decision and remanding the case for additional proceedings, with a specific directive that the ALJ consider Mr. Haglock's alleged mental impairments. (Tr. 293-305). In accordance with Judge Grimm's directive, on September 10, 2007, the Appeals Council ordered that a new hearing take place and that Mr. Haglock's subsequent applications for benefits, filed on May 18, 2006 and May 31, 2006, be associated with his previous claim. (Tr. 306-09). The new hearing was held before the same ALJ on November 14, 2008. (Tr. 244, 531-76). Following the hearing, on February 3, 2009, the ALJ again determined that Mr. Haglock was not disabled. (Tr. 244-59). The Appeals Council denied Mr. Haglock's request for review, so the ALJ's decision constitutes the final reviewable decision of the agency. (Tr. 233-35).

The ALJ found that Mr. Haglock suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, chronic obstructive pulmonary disease ("COPD"), depression, and borderline antisocial personality disorder. (Tr. 247). Despite these impairments, the ALJ determined that Mr. Haglock retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with occasional postural activities, except no climbing of ropes, ladders, scaffolds, must avoid working overhead as well as concentrated exposure to odors, dust, gases fumes, poor ventilation, wetness and humidity, and is limited to simple, unskilled work which is not at a production pace, and work with only occasional contact with the general public.

(Tr. 250-51). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Haglock could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 256-58, 258-59).

Mr. Haglock essentially presents four arguments on appeal: (1) that the ALJ failed to conduct a proper two-step pain analysis; (2) that the ALJ failed to consider all of his impairments in combination; (3) that the ALJ erroneously rejected the opinions of his treating physician, Dr. Fox; and (4) that the ALJ's hypothetical to the VE was inadequate. Each argument lacks merit.

First, Mr. Haglock argues that the ALJ incorrectly analyzed his complaints of pain. Because pain itself can be disabling, "it is incumbent upon the ALJ to evaluate the effect of pain on a claimant's ability to function." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see also Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980). In this Circuit, it is well-established that an ALJ must follow the two-step process for assessing complaints of pain as set forth in *Craig*, 76 F.3d at 594-96. *See, e.g., Ketcher v. Apfel*, 68 F. Supp. 2d 629, 652-53 (D. Md. 1999). First, the ALJ must determine whether there is objective evidence showing the existence of a medical impairment that reasonably could be expected to cause the pain the claimant alleges he suffers. *Craig*, 76 F.3d at 594 (citing 20 C.F.R. §§ 416.929(b), 404.1529(b)). Second, the ALJ must evaluate the "intensity and persistence of the claimant's pain, and the extent to which it affects the claimant's ability to work." *Craig*, 76 F.3d at 595. Importantly, in assessing the intensity and persistence of a claimant's pain, claims of disabling pain may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of his pain. 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2).

The ALJ found that Mr. Haglock suffers from medical impairments reasonably expected to cause pain, namely his cervical and lumbar spine disc disease, resulting in neck and back pain. (Tr. 247, 251-52). However, the ALJ questioned the intensity of the pain and its duration. The ALJ found that Mr. Haglock's statements regarding his impairments and their impact on his ability to work were not credible to the extent they were inconsistent with the RFC. (Tr. 252-56). After review of the ALJ's decision, I find that the ALJ did not rely solely on the existence or nonexistence of objective medical records in judging the intensity and persistence of Mr. Haglock's pain. Rather, she also evaluated the evidence submitted by Mr. Haglock regarding his activities, the treatments he follows, including his pain medications, and the testimony of his

fiancee. (Tr. 252). The ALJ noted that Mr. Haglock had not undergone any cervical spine injections since 2007, and that he is able to move his neck up and down and from side to side. (Tr. 252-53, 540). The ALJ discussed the results of Mr. Haglock's MRI dated January 7, 2004, and another MRI dated June 24, 2004, both of which revealed degenerative disc disease in the cervical and lumbar spine. (Tr. 253, 435, 438). The ALJ also discussed the notes from Dr. Brent R. Fox, Mr. Haglock's treating physician, spanning from November 19, 2004, through January 21, 2005. (Tr. 172-220). Dr. Fox's notes documented Mr. Haglock's complaints of neck and shoulder pain, but the ALJ noted that Dr. Fox's physical examinations recorded no significant, persistent clinical abnormalities. (Tr. 200-01, 253). The ALJ also noted that a neurosurgeon, Dr. Clifford T. Solomon, examined Mr. Haglock on April 21, 2008 and stated that his MRI showed only mild degenerative changes at L1 to S1, with no stenosis or herniation warranting surgery. (Tr. 254, 507-08). These factors, coupled with Mr. Haglock's testimony regarding his activities and the ALJ's observations from the hearing, provide substantial support for the ALJ's conclusions. Accordingly, there is substantial evidence to support the ALJ's analysis of Mr. Haglock's allegations of pain.

Although the argument is not a model of clarity, Mr. Haglock next contends that the ALJ failed to consider his impairments in combination, particularly his mental health impairment and his side effects from pain medication. Pl. Mot. 46-51. In fact, however, the ALJ's RFC determination evidences her consideration of both Mr. Haglock's physical and mental impairments, because the various RFC limitations are designed to address both types of issues. (Tr. 250-51). The ALJ's extensive narrative discussion summarizes both the physical and mental health evidence of record. (Tr. 251-57). The analysis is sufficient to demonstrate consideration of all of the impairments, singly and in combination.[1]

Mr. Haglock next argues that the ALJ erred in rejecting the opinions of his treating physician, Dr. Brent R. Fox. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ specifically addressed, at some length, Dr. Fox's treatment notes and his opinions. (Tr. 256-57). The ALJ found that his conclusions were inconsistent with the record as a whole. *Id.* Specifically, the ALJ noted that "the objective MRI findings, physical examinations and observations on multiple occasions by numerous physicians have been unremarkable." *Id.* Because of the detailed explication of the medical evidence in the ALJ's decision, I am readily able to discern the reasons she chose to afford little weight to Dr. Fox's opinions,[2] and I find the ALJ's assignment of weight to be supported by substantial evidence.[3]

---

[1] Mr. Haglock argues that there is "no evidence in the file" that he can lift or carry ten pounds, stand or walk for two hours and sit for six hours of an eight-hour work day. Pl. Mot. 56. However, two DDS physicians found that Mr. Haglock could perform these functions, (Tr. 164-71, 465-72), and the ALJ clearly indicated her reliance on these opinions. (Tr. 256). Thus, Mr. Haglock's argument fails.

[2] Mr. Haglock's counsel attached to his memorandum a functional assessment dated September 13, 2010, which was signed by Dr. Fox. (ECF No. 15-3). This evidence, which was never previously submitted to the Commissioner, cannot be and has not been considered by this Court. Pl. Mot. 60.

[3] Mr. Haglock also argues that the ALJ "failed to mention" Dr. Travis's opinion that he had degenerative

*Reed A. Haglock v. Commissioner*, Civil No. SAG-10-174
January 29, 2013
Page 4

  Finally, Mr. Haglock argues that the ALJ presented an improper hypothetical to the VE because the ALJ did not include limitations related to his alleged medication side effects. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). The ALJ engaged in an extensive chronology of Mr. Haglock's medical examinations, including all of his physical, neurological, and mental health evaluations. (Tr. 251-57). With that summary, the ALJ determined that Mr. Haglock's impairments limited him to light, simple, unskilled work which is not at a production pace, and work with only occasional contact with the general public. (Tr. 250-51). Specifically, the ALJ stated that she accepted the physical assessments from the state agency physicians, and that she assigned considerable weight to Dr. Kenneth Wessell's opinions regarding Mr. Haglock's mental impairments. (Tr. 256). Based upon the evidence cited by the ALJ, it appears that the restriction to light, simple, unskilled tasks, not at a production pace, was based on substantial evidence and accurately reflected all of Mr. Haglock's credible limitations. Therefore, the ALJ's hypothetical, which included these limitations, was not deficient.

  For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and Defendant's motion for summary judgment (ECF No. 35) will be GRANTED. The clerk is directed to CLOSE this case.

  Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

            Sincerely yours,

            /s/

            Stephanie A. Gallagher
            United States Magistrate Judge

---

disc disease of the cervical spine, upper extremity limitations, and left shoulder issues. Pl. Mot. 47. However, the ALJ mentioned Dr. Travis's report, discussed Mr. Haglock's upper extremity limitations and left shoulder issues, restricted Mr. Haglock's overhead lifting accordingly, (Tr. 256), and found that Mr. Haglock's degenerative disc disease of the cervical spine to be severe. (Tr. 247). Mr. Haglock's argument has no merit.